EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

Patricia Dean and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Dean"), and Youth Villages, Inc. ("Youth Villages"), agree that:

WHEREAS, Dean claims that she is owed unpaid regular wage and/or overtime compensation by Youth Villages under the Fair Labor Standards Act ("FLSA") as well as common law contract theories under the laws of the State of Georgia;

WHEREAS, she has filed an action in the United States District Court for the Northern District of Georgia, styled Patricia Dean v. Youth Villages, Case No. 1:15-cv-03459-SCJ to recover the alleged unpaid regular time or overtime wages ("the Action") as well as any alleged liquidated damages and attorneys' fees that might accrue from a successful prosecution of such action; and

WHEREAS, Youth Villages denies that Dean is entitled to any recovery under the FLSA, or any other wage and hour statute or common law but has agreed to settle Dean's claims to resolve the controversy between them amicably and expeditiously so as to avoid the costs and other expenditures of time and effort relating to litigation of the Action.

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by entering into this Settlement Agreement and Release (the "Agreement"), it is hereby

STIPULATED AND AGREED by and between the Parties that Dean' claims are resolved as follows:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Youth Villages LLC agrees to pay to Dean Two Thousand Six Hundred Twenty-nine Dollars and 98/100 (**$2,629.98**), as follows:

   a. a check payable to the order of Patricia Dean in the amount of One Thousand Three Hundred Fourteen Dollars and

1

     99/100 **($1,314.99)**, less lawful deductions, representing back wages, for which a W-2 will be issued;

  b.  a check payable to the order of Dean in the amount of One Thousand Three Hundred Fourteen Dollars and 99/100 **($1,314.99)**, representing liquidated damages, for which a Form 1099 will be provided; and

  The checks described above shall be delivered to Hill, Kertscher & Wharton LLP within ten (10) calendar days after the satisfaction of each of the following: (i) Youth Villages' receipt of this Agreement with Patricia Dean's original signature; (ii) Youth Villages' receipt of executed Forms W-4, W-9 from Patricia Dean and her counsel, as applicable; and (iii) the Court's entry of an order approving the settlement and dismissing the Lawsuit with prejudice as to all plaintiffs in the action.

  The sums detailed above are in full and final settlement and resolution of any and all wage and employment contract claims including expenses, attorneys' fees, liquidated damages and consequential damages which Dean had, has, or may have against Youth Villages arising out of or in any way connected with her employment with Youth Villages as of the date of the execution of this Agreement.

  **2.**  **Tax Responsibility.** Youth Villages makes no representation as to the taxability of the amounts paid to Dean or her counsel. Dean hereby agrees, represents and warrants that she shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by her under this Agreement, except for the tax contributions federally mandated of Youth Villages, and that she will fully satisfy all taxes, liens, and assignments which may arise as a result of her receipt of the settlement payments. Dean represents that she is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

  **3.**  **Bankruptcy.** Dean represents that she is not currently involved in any bankruptcy action and that there are no bankruptcy actions to which any trustee in bankruptcy or any other party has claims.

4. **No Consideration Absent Execution of this Agreement.** Dean understands and agrees that she would not receive the monies and/or benefits specified in paragraph "1" above, except for her execution of this Agreement and the fulfillment of the promises contained herein.

5. **Release of All Compensation-Related Claims.** Dean knowingly and voluntarily releases and forever discharges Youth Villages and its executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and its current and former employees, attorneys, officers, directors, board members, shareholders, owners and agents, both individually and in their business capacities, and its employee benefit plans and programs and its administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Dean had, has, or may have against Releasees as of the date of execution of this Agreement related to her compensation in connection with her employment with Youth Villages including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act ("FLSA");

- Breach of Contract;

- The Equal Pay Act;

- Any and all wage theft or wage payment laws as they exist in the states and municipalities of the United States;

- Any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation; and

- Any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Dean waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party

action or proceeding based on such a claim in which Youth Villages or any other Releasee identified in this Agreement is a party.

6. **Acknowledgments and Affirmations.** Dean affirms that she has not filed, caused to be filed, and presently is not a party to any claim, complaint, or action against Releasees in any forum or form, other than this Action.

Dean further affirms she is aware of her obligations to make any tax payments and forward payment to the Internal Revenue Service.

Dean affirms that all of Releasees' decisions regarding his pay and benefits through the date of execution of this Agreement were not discriminatory based on disability, race, color, sex, religion, national origin or any other classification protected by law.

Releasees and Dean affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

7. **Limited Disclosure and Return of Property.** **Provided the Court in this case approves Defendant's motion for confidentiality,** Dean agrees not to publish, communicate or otherwise disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement, except to Dean's spouse, tax advisor, an attorney with whom Dean chooses to consult regarding Dean's consideration of this Agreement and/or to any federal, state or local government agency.

Dean affirms that she has returned all of Youth Villages' property, documents, and/or any confidential information in her possession or control. Dean also affirms that Youth Villages is in possession of all of it's property that she had at Youth Villages' premises and that Youth Villages is not in possession of any of Dean's property.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of

competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, with regard to Dean's compensation-related claims against Youth Villages, and fully supersedes any prior agreements or understandings between the Parties with regard to Dean's employment, except the Agreement and General Release which is incorporated herein by reference. Dean acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

11. **Fees and Costs.** The payment of Plaintiff's attorneys' fees and costs will be determined by the Court and paid by Youth Villages after Court determination as memorialized in the Mediation Agreement between the parties which is hereby incorporated by reference.

DEAN FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES WITH REGARD TO DEAN'S COMPENSATION AND WAGES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

YOUTH VILLAGES, INC.

By: *Patricia Dean*
Patricia Dean

By: _____

_____

Its: _____

Date: 3/14/2016

Date: _____

*Samina Clement*
Witness

_____
Witness

6